UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

KATHRYN GRANGER                                         CIVIL ACTION

VERSUS                                                  NO. 2:20-CV- 0436

LIFE INSURANCE COMPANY OF NORTH AMERICA

## COMPLAINT

The Complaint of Kathryn Granger respectfully alleges:

1. This is a claim for penalties and other damages resulting from Defendant's wrongful denial of Plaintiff's long term disability benefits.

2. This Court has jurisdiction and venue under 28 U.S.C. 1332, as the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Plaintiff, **Kathryn Granger** of lawful age and a resident of Lake Charles, Louisiana is a plan participant and beneficiary of a group disability plan created by State Farm Mutual Automobile Insurance Company ("State Farm"), and an insured participant of a group disability policy issued by Life Insurance Company of North America.

4. Defendant, **Life Insurance Company of North America** ("LINA"), is a foreign corporation, doing business in Louisiana. Upon information and belief, LINA is incorporated in Philadelphia, Pennsylvania, and its principal place of business is in the state of Pennsylvania.

5. Plaintiff's disability policy is part of a non-ERISA plan, as the plan insured *independent contractor* Agents.

6. Plaintiff is disabled under the terms of the LINA insurance policy and has provided Defendant with ample medical documentation and other evidence supporting her claim for disability benefits.

7. Plaintiff worked as an independent contractor agent for State Farm. Her medical condition caused her to take disability leave around July 2004.

8. Plaintiff's medical conditions prevent her from performing her job duties or the duties of alternative occupations.

9. LINA received satisfactory proof of loss that fully apprised LINA of Plaintiff's entitlement to disability benefits.

10. Despite being out of work for more than 15 years and despite her continuing poor health, LINA, without good reason or cause, terminated Plaintiff's claim for benefits.

11. Plaintiff submitted an appeal of the termination of her benefits providing evidence supporting her entitlement to benefits.

12. LINA refused to promptly and fairly adjust and pay these claims, as LINA failed to approve the claim within 30 days of receipt of proof of loss that demonstrated her entitlement to benefits.  Plaintiff therefore seeks penalties against LINA under the Louisiana Insurance Code, including, but not limited to, LA 22:658, LA RS 22:1892, LA RS 22:1821.

13. A reasonable and prudent businessman would have paid Plaintiff's claims within 30 days after receiving the Proof of Loss Plaintiff provided to LINA.

14. LINA's failure to pay this claim within 30 days was arbitrary and capricious, without good cause, and made in bad faith.

15. LINA's termination of her benefits has caused Plaintiff financial damage, emotional distress, embarrassment, and anxiety.

16. LINA breached its obligations under the Policy to Plaintiff by failing and refusing to pay benefits to her after receiving proof of loss.

17. Defendant intended to cause Plaintiff to suffer severe emotional distress or acted with a reckless disregard of the probability that such distress would result from its conduct.

18. LINA's denial of these claims has caused Plaintiff financial and emotional hardship. She has been deprived of substantial disability income that she needed to pay her ongoing medical and living expenses.

19. As a result of LINA's conduct as alleged herein, Plaintiff suffers mental anguish.

20. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

21. Plaintiff is entitled to an award of interest on all money that Defendants wrongfully delayed to Plaintiff, plus penalties, and attorney fees.

22. Defendants' denials have required Plaintiff to hire attorneys to represent her in this matter to recover benefits due Plaintiff under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

**1.** For damages, including past and future disability benefits under policy terms, plus interest;

**2.** For penalties under the Louisiana Insurance Code, including, but not limited to LA RS <u>LA 22:658</u>, <u>LA RS 22:1892</u>, <u>LA RS 22:1821</u>;

**3.** For damages for the physical and emotional distress LINA caused to Plaintiff;

**4.** For all reasonable attorney fees and court costs;

**5.** For trial by jury; and

**6.** For all other relief as the facts and law may provide.

        Respectfully submitted,

        <u>/s/ Reagan L. Toledano</u>
        Willeford & Toledano
        Reagan L. Toledano (LA. 29687
        James F. Willeford (LA. 13485)
        201 St. Charles Avenue, Suite 4208
        New Orleans, Louisiana 70170
        (504) 582-1286; (f) (313)692-5927
        rtoledano@willefordlaw.com